IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RICK TORRES and <br> ALEJANDRA Z. TORRES <br> *Plaintiffs* <br><br> V. <br><br> JESUS MANUEL TREVINO GARZA D/B/A <br> TRANSPORTES TREGA *and* JUAN JOSE <br> BAZALDUA-SANCHEZ <br> *Defendants* | § § § § § § § § § § § § | CIVIL ACTION NO. 1:23-cv-00026 |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Plaintiffs ask the court to render a default judgment against Defendants, as authorized by Federal Rule of Civil Procedure 55(a).

### A. INTRODUCTION

1. Plaintiffs are Rick Torres and Alejandra Z. Torres; Defendants are Jesus Manuel Trevino Garza D/B/A Transportes Trega and Juan Jose Bazaldua- Sanchez.

2. On January 31, 2023, Plaintiffs sued Defendants Jesus Manuel Trevino Garza D/B/A Transportes Trega and Juan Jose Bazaldua- Sanchez seeking damages for injuries sustained in a motor vehicle collision occurred on January 20, 2023 in Harlingen, Cameron County, Texas. In the subject collision, Defendant Bazaldua-Sanchez was operating a tractor-trailer combination while in the course and scope of his employment with Defendant Garza d/b/a Transportes Trega. Defendant Bazaldua-Sanchez failed to maintain a single lane of travel and left the roadway before re-entering the roadway and losing control. As a result, the tractor-trailer combination jackknifed, coming to rest in a manner that blocked the entire roadway. Multiple vehicles, including Plaintiffs', impacted the jackknifed tractor-trailer, thereby proximately resulting in injury to

Plaintiffs, who were transported by ambulance to a local hospital. The investigating police officer found Defendant Bazaldua-Sanchez to have been at fault, as evinced by Exhibit A.

3      On January 31, 2023, Plaintiffs filed *Plaintiffs' Original Complaint* [Dkt. 1] with the court. On February 7, 2023, Defendant Jesus Manuel Trevino Garza D/B/A Transportes Trega was served with summons and a copy of plaintiff's complaint by hand delivery [Dkt. 8].

4.     On February 6, 2023, Defendant Jose Juan Bazaldua-Sanchez was served via hand delivery at the Cameron County Detention Center. [Dkt6].

5.     On March 14, 2023, an answer was filed on behalf of each Defendant [Dkts. 10 & 11] by their attorney of record Tamara Rodriguez of Vidaurri, Rodriguez & Reyna. On May 1, 2023, a Notice of Appearance of Additional Counsel was filed by Glenn Romero of Vidaurri, Rodriguez & Reyna [Dkt. 13].

6.     On September 26, 2023, defense counsel filed their Opposed Motion to Withdraw as Attorney of Record [Dkt. 20]. The reason provided by the defense for the withdrawal, "Attorney fulfilled his contractual obligations to the clients by providing a defense. Insurance coverage has been exhausted. Defendants' counsel will no longer be able to recover fees and expenses."

7.     On October 31, 2023, defense filed a Supplemental Motion to Withdraw as Attorney of Record [Dkt. 22], providing evidence that they gave reasonable notice to Defendants of their intent to withdraw as their attorneys of record.

8.     On November 17, 2023, the Court entered an Amended Order [Dkt. 24] granting defense counsel withdrawal as Defendants' counsel of record. The Court further ordered that a telephonic conference be scheduled to report on the status of Defendants' legal representation.

9.     On March 27, 2024, the Court entered an Order [Dkt. 25] stating Defendants are to submit briefing on the status of their legal representation by April 26, 2024.

10. On June 6, 2024, the Court entered an Order [Dkt. 30] stating the court had repeatedly attempted to contact Defendants on the status of their representation, ultimately ordering a status report due by April 26, 2024. As a result, the Court ordered the Plaintiffs to file a brief showing why this case should not be dismissed.

11. Based on the above, Plaintiffs files their Request for Entry for Default Judgment on July 3, 2024 [Dkt. 34].

12. On July 11, 2024, the Court entered an Order to the District Court Clerk to enter default against all Defendants [Dkt. 35].

13. Plaintiffs now respectfully move the Court to render a default judgment.

B. ARGUMENT

15. The Court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a), (b)(2); *United States v. $23,000 in U.S Currency*, 356 F. 3d 157, 163-64 (1st Cir. 2004).

16. The Court should enter a default against Defendants because Defendants have not retained legal representation or otherwise defended the suit. Fed. R. Civ. P. 55(a). The Defendants did not file any other required pleading, including a response to an amended pleading. *New York Life. Ins. V. Brown*, 84 F. 3d 137, 141 (5th Cir. 1996).

17. Plaintiffs have met the procedural requirements for obtaining an entry of default from the clerk.

18. Defendants are not minors or incompetent people. *See* Fed. R. Civ. P. 55(b)(2). One Defendant is a foreign business entity domiciled in Mexico, whereas the other Defendant is an individual citizen of Mexico. Defendants are not citizens of the United States and, therefore, are not in military service in the United States.

19.   Because Defendants did not retain legal counsel, file a responsive pleading, or otherwise defend the suit, they are not entitled to notice of entry of default. *Haw. Carpenters' Trust Fund v. Stone*, 794 F. 2d 508, 512 (9th Cir. 1986); *see* Fed. R. Civ. P. 55(a).

20.   Plaintiff, Rick Torres, seeks damages for reasonable and necessary medical bills incurred in the amount of $42,731.89 as evinced by Exhibit B.  Plaintiff, Rick Torres, further seeks damages for the damage to his personal property, namely, the total loss of his 2022 Ram 1500 Quad Cab Lone Star Pickup, in the amount of $31,601.50, its mean private sale value as calculated by Kelley Blue Book, evinced by Exhibit C.

21.   Plaintiff, Rick Torres, seeks unliquidated damages in the amount of $1,200,000.00, and requests a hearing to present evidence in support of his request for damages.

22.   Plaintiff, Alejandra Z. Torres, seeks damages for reasonable and necessary medical bills incurred in the amount of $181,669.09 as evinced by Exhibit D.

23.   Plaintiff, Alejandra Z. Torres, seeks unliquidated damages in the amount of $1,800,000.00 and requests a hearing to present evidence in support of her request for damages.

## CONCLUSION

20.   Plaintiffs have filed a suit against Defendants Jesus Manuel Trevino Garza D/B/A Transportes Trega and Juan Jose Bazaldua – Sanchez for damages and injuries sustained in a motor vehicle collision that occurred on January 20, 2023. Defendants have been summoned and have failed to respond or to obtain additional counsel and, as ordered by this Court to advise of their legal representatives. For these reasons, Plaintiffs ask this Court to grant Plaintiffs a hearing in order to present evidence of their unliquidated damages, and that upon final hearing thereof, this Court enter a Default Judgment against Defendants for the amounts supported by evidence, including costs and interest, and for such other and further relief to which Plaintiffs may be entitled.

                                                Respectfully submitted,

By:    */s/ Daniel Torres*
        Daniel A. Torres
        State Bar No. 24046985
        Federal Bar No. 573645
        Email: daniel@jvlawfirm.com
        laura@jvlawfirm.com

        Javier Villarreal
        State Bar No. 24028097
        Federal Bar No. 30384
        Email: jv@jvlawfirm.com

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-300-0000
Fax: 956-550-0877